THEODORE W. BAILEY *et al.*, Respondents, *v.* ARIAL A. PRINCE *et al.*, Appellants.

*Supreme Court, First Department, General Term, May 24, 1889.*

1. *Arrest. Vacating.*—An application to vacate an order of arrest founded on facts not extrinsic to the cause of action, is to be disposed of according to the just preponderance of proof as contained in the affidavits read on such motion, and a decision as to defendant's liability to arrest ought not to be postponed until the trial.
2. *Same.*—In case of an arrest on the ground that the defendant has removed or disposed of his property with intent to defraud his creditors, a motion to vacate the order of arrest is properly refused, where it appears that a chattel mortgage given by defendant to his brother was foreclosed under very suspicious circumstances, and no statement from the purchaser at the foreclosure sale, showing the good faith of the transaction, is presented.

Appeal from an order denying a motion to vacate an order of arrest.

*Gurden D. Shrauder*, for appellants.

*T. C. Campbell*, for respondents.

BARTLETT, J.—The right of the plaintiffs to recover in this action depends upon their ability to prove that the defendants removed or disposed of their property with intent to defraud their creditors. Code Civ. Pro., § 549, subd. 4.

The court below held that the question of fraud should not be passed upon in advance of the trial, except in a clear case; and the view thus expressed is sanctioned in Welch *v.* Winterburn, 14 Hun, 519, and Peck *v.* Lombard, (22

Hun, 63, where it was held that an order of arrest, based on the nature of the action, should not be vacated upon affidavits tending to disprove the existence of the alleged cause of action.

In the present case, the cause of action primarily arises out of the breach of the defendants' contract to pay for the goods which they purchased from the plaintiffs ; but proof of this breach would not suffice of itself to sustain a verdict in the plaintiffs' favor. They must go further and establish the fraudulent removal of the defendants' property, or they must suffer defeat in the suit. The element in their alleged cause of action, which renders it possible for them to maintain this particular suit, is the averment that the defendants have removed or disposed of their property with intent to defraud their creditors ; and, therefore, the facts on which the order of arrest is granted cannot properly be regarded as extrinsic to the cause of action.

The doctrine which finds support in Welch *v.* Winterburn and Peck *v.* Lombard (*supra*), however, has not uniformly been acted upon in this court, and the better rule seems to be that indicated by Mr. Justice DANIELS in Liddell *v.* Paton (7 Hun, 195), to the effect that, even in a case in which the facts constituting the cause of action are identical with the facts constituting the cause of arrest, the court should dispose of an application to vacate the order of arrest according to the just preponderance of proof as contained in the affidavits read upon such motion, and a decision as to the defendants' liability to arrest ought not to be postponed until the trial. But, applying that rule to the case at bar, and assuming that the court below was bound to decide the motion upon the merits, I am not satisfied that it was erroneously denied.

Numerous acts of the defendants are proved, and, indeed, admitted, which might well and justly excite the suspicion of the plaintiffs, and which certainly called for explanation on the part of the defendants. The foreclosure of the chat-

tel mortgage, the short time occupied by the sale thereunder, the transportation of goods to New England in an unpacked condition, and the removal of others from the defendants' premises, late at night, were circumstances that would naturally give rise to inquiry by the plaintiffs. Such inquiry, in the light of the statements made to them by the witnesses, whose affidavits they produce, indicated that the property of the defendants had been fraudulently removed. The denials and explanations by and in behalf of the defendants, meet many, and, perhaps, most, of the allegations satisfactorily, if the witnesses are to be believed; but, to my mind, their averment that the mortgage foreclosure sale was made in good faith, is seriously discredited by their omission to produce any affidavit by the alleged purchaser. The absence of any statement from him seems too significant, under the circumstances, to be overlooked, and leaves the preponderance of the proof with the plaintiffs.

The order appealed from should be affirmed, with costs and disbursements.

VAN BRUNT, Ch. J., and DANIELS, J., concur.